# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| DAVID MARIN, #562385, | ) | |
|        Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-1270-B |
| | ) | |
| NATHANIEL QUARTERMAN, Director, | ) | |
|  Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|        Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated at the Ellis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) in Huntsville, Texas. Respondent is the Director of TDCJ-CID. No process has been issued in this case pending preliminary screening.

Statement of Case: In October 1995, Petitioner was convicted of three offenses of theft under $100,000.00 in Dallas County, Texas. Punishment was assessed at twenty years

imprisonment.  (Petition (Pet.) at 2).

In this action, Petitioner does not challenge his conviction.  Instead, he attacks

disciplinary conviction No. 2008014989 which he received at the Ellis Unit on December 19,

2007.  (Pet. at 5).  He received the following punishment as a result of the disciplinary action

taken:  (1) thirty days of commissary and recreation restriction; and (2) reduction in status from

"S-2, G-1" to "S-4, G-2."  (*Id.*).  Petitioner states he exhausted his administrative remedies, and

that he is eligible for mandatory supervised release.  (*Id.*).[1]

The federal petition seeks to expunge the above disciplinary case because it violated

Petitioner's due process rights as well as his right to the effective assistance of counsel.  the

petition also alleges that the evidence at the disciplinary hearing was insufficient to find him

guilty of the disciplinary violation.

Findings and Conclusions:  The present petition is subject to summary dismissal pursuant

to Rule 4, of the Rules Governing Section 2254 Proceedings.  That Rule provides that "[i]f it

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

petitioner."

"Federal habeas relief cannot be had 'absent the allegation by a [petitioner] that he or she

has been deprived of some right secured to him or her by the United States Constitution or the

laws of the United States.'"  *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting

*Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)).  The instant petition does not present a

---

[1]      TDCJ automated phone system states that Petitioner's projected release date is
July 13, 2009.

cognizable basis for habeas corpus relief.

In *Preiser v. Rodriguez*, 411 U.S. 475 (1973), the Supreme Court held that a habeas corpus petition is the sole remedy for a state prisoner challenging the forfeiture of accrued good-time credits as a result of a disciplinary charge. *Id.* at 500; *see also In re Cain*, 137 F.3d 234, 236 (5th Cir. 1998) (relying on *Preiser v. Rodriguez* to hold that a prisoner may seek redress for the loss of good-time credits following a prison disciplinary proceeding only through a habeas petition). Specifically, the Court stated "[w]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500; *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release").

The Fifth Circuit follows the same approach. *See e.g., Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002) (collecting cases holding that when a prisoner is eligible for mandatory supervised release, and when prison disciplinary proceedings result in a change in good-time-earning status that extends the prisoner's release date, the petition challenging such proceedings falls within § 2254); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).

Petitioner did not lose previously earned good-time credits because of the disciplinary

action at issue in this case. Nor is he seeking immediate or speedier release. He contends, however, that TDCJ lowered his custody level as a result of the disciplinary action. (Pet. at 5**).** Insofar as the disciplinary affected Petitioner's ability to earn good-time credits and, hence, his alleged entitlement to speedier release, his contention is meritless. The Fifth Circuit has held that the effect of a change in a prisoner's good-time earning status on the timing of his release on mandatory supervision is too speculative to afford him a constitutionally cognizable "right" to a particular time-earning status. *See Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000).[2] Therefore, Petitioner's due process claims challenging his December 2007 disciplinary conviction are not cognizable in this habeas corpus action. *Id.* at 957-58 (a challenge to a disciplinary proceeding presents a cognizable constitutional violation only when a prisoner, eligible, for mandatory supervision release, has lost good-time credits).[3]

Insofar as the petition could be liberally construed as a § 1983 complaint raising due process violations, venue is not proper in the Northern District of Texas. *Accord Jon v. Cockrell*, 80 Fed. Appx. 296, 297 (5th Cir. July 28, 2003) (unpublished per curiam) (remanding in part habeas corpus action challenging a disciplinary action because "[t]he district court . . . should

---

[2] The same holds true with regard to any expectation of release on parole. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding that because it is entirely speculative whether a prisoner will be released on parole, there is no constitutional expectancy to parole in Texas); *see also Malchi*, 211 F.3d at 957.

[3] Even if Petitioner had properly brought this habeas corpus action, he would not be entitled to habeas relief. None of the sanctions which he received for the disciplinary conviction at issue in this case deprived him of a protected liberty interest, and as such he was not entitled to due process protection in the course of the disciplinary proceedings. It is established that thirty days of commissary and recreation restrictions do not raise a due process issue. *Madison*, 104 F.3d at 768 (commissary and cell restrictions do not impose a significant or atypical hardship on the inmate in relation to the ordinary incidents of prison life).

have considered separately the merits of petitioner's claims under 42 U.S.C. § 1983 that he was denied due process at his disciplinary hearing and that the conditions of his solitary confinement were unconstitutional.").  All events relating to the December 2007 disciplinary action, including any alleged civil rights violations, occurred at the Ellis Unit in the Southern District of Texas, Houston Division.

When venue is not proper, a district court has the authority to dismiss a case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a).[4]  A district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice.  *See Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir.1987).

In light of the fact that the events at issue occurred less than nine months ago, giving Petitioner ample time within which to file a timely § 1983 action -- if he wishes to do so -- and the fact that the filing fee requirements of the Prisoner Litigation Reform Act would apply, it is appropriate in construing his pleadings as a § 1983 action,  to dismiss the same without prejudice to his right to file an action in the Houston Division of the Southern District of Texas.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss   the petition for habeas corpus relief, *see* Rule 4, Rules Governing Section 2254 Cases.

It is further recommended that Petitioner's pleadings, construed as a civil rights claim

---

[4]	Section 1406(a) provides as follows:
	The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

under 42 U.S.C. § 1983, be dismissed without prejudice pursuant to 28 U.S.C. § 1406(a).

A copy of this recommendation will be mailed to Petitioner.

Signed this 4th day of August, 2008.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.